```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF PENNSYLVANIA
```

|                          |   |                              |
|--------------------------|---|------------------------------|
| ALTON D. BROWN,          | : | Hon. Renée Marie Bumb        |
|         Plaintiff,       | : | Civil No. 10-3458 (RMB)      |
|         v.               | : |                              |
|                          | : | **MEMORANDUM OPINION**       |
| R. LYONS, et al.,        | : |                              |
|         Defendants.      | : |                              |

**BUMB, District Judge**:

1. On June 21, 2010, the Clerk received from Plaintiff, a prisoner incarcerated at SCI Graterford in Pennsylvania, a motion to proceed in forma pauperis. On July 19, 2010, the Clerk received from Plaintiff a one-page letter dated July 12, 2010, to Chief Judge Harvey Bartle III. On July 23, 2010, the Clerk received Plaintiff's prison account statement, and on October 21, 2010, the Clerk received Plaintiff's 45-page handwritten "Amended Complaint." By Order filed January 13, 2011, Chief Judge Theodore A. McKee designated and assigned the undersigned for such a period as is necessary for disposition of this case. For the reasons expressed below, this Court will deny Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), on the ground that, while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, see, e.g., Brown v. Brierton, Civil No.

91-0471 (M.D. Fla. 1991); Brown v. Brierton, C.A. No. 92-2030 (11th Cir. 1992); Brown v. Federal Laboratories, Inc., Civil No. 89-0507 (M.D. Fla. 1989), and Plaintiff is not in imminent danger of serious physical injury.  See Brown v. Beard, C.A. No. 10-2180 order (3d Cir. Nov. 4, 2010) (denying motion to proceed in forma pauperis on appeal because Brown's imminent danger motion fails to demonstrate that he was "under imminent danger of serious physical injury" under 28 U.S.C. § 1915(g) and Abdul-Akbar v. McKelvie, 239 F. 3d 307, 312 (3d Cir. 2001) (en banc)).  This Court will administratively terminate the case, subject to reopening if Plaintiff prepays the $350.00 filing fee to the Clerk within 14 days of the date of the entry of the Order accompanying this Memorandum Opinion.

2. The Amended Complaint (docket entry #4) names 83 defendants.  According to Plaintiff, "[t]his is a civil rights action filed by a state prisoner, for damages, declaratory, and injunctive relief under 42 U.S.C. § 1983, alleging excessive force, physical and psychological abuse/torture, retaliation, denial of access to the courts, and denial of medical care, in violation of the First, Eighth, and Fourteenth Amendments to the U.S. Constitution and Pennsylvania State tort law."  (Docket Entry #4, p. 2.)  In the Amended Complaint, Plaintiff describes in detail his interactions with each defendant since

approximately 2007, including every grievance Plaintiff submitted and every misconduct report/charge issued.

3. In the five-page section of the Amended Complaint entitled "Injuries/Threats/Imminent and Ongoing Danger," Plaintiff alleges that he is in imminent danger:

> 113. Plaintiff has a long history of high cholesterol, as does his immediate family (Plaintiff's father died of a stroke at age 48), and Defendants' refusal to provide regular checks and medical care places Plaintiff in imminent and ongoing danger of contracting atherosclerosis and cardiovascular diseases, such as heart attack and stroke (Plaintiff has been experiencing abnormal heart beats and sharp pains in the toes and finger tips for months, which he attributes to high cholesterol).
>
> 114. High cholesterol also is a cause of Plaintiff's high blood pressure.
>
> The refusal to provide medical care as mentioned in paragraph no. 113, includes (1) refusal to provide cholesterol lowering medication; (2) refusal to provide genetic testing; (3) refusal to provide a diet low on saturated fats and transfats, and foods that lower cholesterol levels (most cholesterol levels can be lowered significantly by diet alone); (4) failure to support Plaintiff's liver functions (the liver metabolizes fat and cholesterol and turns them into good or bad cholesterol), especially as Plaintiff has a chronic liver disease (Hepatitis C) which impairs the liver function; (5) failure to provide herbs and supplements; and (6) the failure to provide stress management, as stress raises cholesterol levels.
>
>     \*    \*    \*
>
> 120. Plaintiff is also in imminent danger of serious injury because of Defendants' practice of interfering with doctors' orders and his medical examinations.
>
> 121. The Defendants' refusal to diagnose and treat Plaintiff's complaints of stomach & liver pain, inability to hold down food, weight loss, blood in

urine and feces, inability to focus, cold feet, frequent urination, night sweats, and sight problems, also places Plaintiff in imminent/ongoing danger of serious injury or death.

122. The refusal to provide Plaintiff with a soft-diet while his dentures are being repaired places Plaintiff in imminent danger of serious injury, due to fact that he can't consume his complete meal or chew his food, which has serious adverse effects on his digestive system, especially his liver functions, since he has chronic hepatitis C.

123. Defendants' failure to provide adequate medical care for his disease hepatitis C, which Plaintiff suspects to be the cause of liver pain, high cholesterol, night sweats, places him in imminent danger of premature death, liver cancer, cirrhosis of the liver, and other serious illnesses.

     \*     \*     \*

126. Plaintiff is in imminent/ongoing danger of serious injury caused by the Corrections Defendants' physical and psychological abuse/torture as described within this complaint, employed against Plaintiff in their major retaliatory campaign against him.

127. The major retaliatory campaign against Plaintiff also places him in imminent/ongoing danger of serious injury because the tactics employed cause stress and make it difficult for Plaintiff to avoid stress, as excess stress-creating stimuli can overwhelm our abilities to respond and cause a negative effect, often called "distress," the stimuli may present either a "real" or "perceived" threat to Plaintiff, the body responds immediately, pouring out hormones, which result in increase heart rate, blood pressure, and breathing, as well as sweaty palms and cool clammy skin; stressful events also can trigger emotional feelings of anxiety . . . .

128. The psychological and physical abuse also aggravates Plaintiff's post-traumatic stress disorder, placing him in imminent danger of the disorder becoming chronic and causing the symptoms of the disorder to appear in a more aggressive fashion.

4

(Docket Entry #4-1, pp. 17-21.)

    4.   On October 25, 2010, the Clerk received from Plaintiff an Amended Motion for Temporary Restraining Order and Preliminary Injunction, together with a declaration. Plaintiff asserts:

> 4. I am suffering irreparable harm in the form of continued physical and mental/psychological pain and an increasing risk that my diseases will progress to the point where his body functions will never be restored to its full usefulness.
>
> 5. I was threatened by Defendant Day on 10/15/10 with the promise to "break me;" who added that I could not out-last the entire DOC, and that my litigation, which he claims is frivolous, is the reason why the department (DOC) had to lay-off staff during the past two-years; and, that they were going to make it hard for me just as I were doing for them.
>
> 6. The defendants vary the methods of retaliation in order to prevent setting patterns. For the past two weeks or so, my cell ventilation has been cut off, in retaliation, which has seriously affected my breathing, preventing me from taking deep breaths, caused me to cough blood and other stuff, and caused lung pain. I wrote Defendants . . . , yet medical staff . . . openly made fun of me on 10/19/10, stating that all she could do is see that a fan gets made in front of my cell (my cell is closed by sheet-metal and plexiglass, which prevents air from coming in, and the fan wasn't brought anyway) . . .

(Docket Entry #5, pp. 4-5.)

    5.   The Prison Litigation Reform Act ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

6. Because Plaintiff has had three prior qualifying dismissals, 28 U.S.C. § 1915(g) prohibits this Court from allowing him to bring this action in forma pauperis unless he is in imminent danger of serious physical injury.  See Brown v. Beard, C.A. No. 10-2180 order (3d Cir. Nov. 4, 2010).

7. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." Abdul-Akbar v. McKelvie, 239 F. 3d 307, 315 (3d Cir. 2001).  "[A] prisoner's allegation that he faced danger in the past" does not satisfy § 1915(g)'s imminent danger exception.  Id. at 311.

8. Plaintiff's submissions do not show that he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Polanco v. Hopkins, 519 F. 3d 152, 154 n. 3, 155 (2d Cir. 2007) (prisoner was not in imminent danger of serious physical injury from health risks caused by exposure to mold in shower, retaliatory discipline consisting of confinement in the special housing unit, deprivation of a keeplock shower, denial of therapeutic diet causing weight loss, and exposure to germs which harmed his health that was weakened by Hepatitis B).  Moreover, Plaintiff's implausible, conclusory allegations that are obviously designed to meet the irreparable injury threshold are

6

insufficient to demonstrate imminent danger of serious physical injury. Plaintiff's allegation that he is getting no air into his cell ("my cell ventilation has been cut off", Docket Entry 5, p. 5), is one such example. Unless this Court requires abusive filers, such as Plaintiff, to demonstrate the imminence and the seriousness of the alleged danger to his body, "any time that an otherwise disqualified prisoner alleges that any threat of physical injury occurred at any time, that prisoner [would] automatically qualif[y] for the imminent danger exception. [This] interpretation of the . . . exception thereby swallows the rule . . . . [W]e refuse to conclude that with one hand Congress intended to enact a statutory rule . . . but, with the other hand, it engrafted an open-ended exception that would eviscerate the rule." Abdul-Akbar, 239 F. 3d at 315.

    9. Moreover, Plaintiff's allegations of imminent danger of serious physical injury here are similar to the allegations he made to this Court in Brown v. Beard, Civ. No. 08-0743 (RMB) (E.D. Pa. filed Feb. 15, 2008), and to the Third Circuit in his application to proceed in forma pauperis on appeal, see Brown v. Beard, C.A. No. 10-2180 order (3d Cir. Nov. 4, 2010).[1]

---

[1] See also Brown v. Pennsylvania Dept. of Corrections, 129 S. Ct. 1405 (2009) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1"); Brown v. Blaine, C.A. No. 04-4618 (3d Cir. Aug. 19, 2005) (denying IFP status pursuant

10. Because Plaintiff has had three qualifying dismissals and he is not in imminent danger of serious physical injury, see 28 U.S.C. § 1915(g), this Court will deny Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

11. This Court will administratively terminate this action for statistical purposes. If Plaintiff prepays the $350.00 filing fee within 14 days of the date of the entry of the Order accompanying this Memorandum Opinion, then this Court will reopen the file and screen the Amended Complaint for sua sponte dismissal pursuant to 28 U.S.C. § 1915A.

12. An appropriate Order accompanies this Memorandum Opinion.

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**

Dated: February 1, 2011

---

to § 1915(g)); Brown v. Blaine, C.A. No. 03-2439 (3d Cir. Mar. 18, 2004) (same); Brown v. Beard, 492 F. Supp. 2d 474 (E.D. Pa. 2007) (Brown's allegations that he is not being provided a diet appropriate for a prisoner with Hepatitis C, he had a heart attack in 2005, he has high cholesterol, irregular heartbeat, high blood pressure, and low blood sugar, and that the stress of incarceration contributes to his health risks, do not allege imminent danger of serious physical injury under § 1915(g)).