# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | Civil Action No. |
| Plaintiff, | 10-3458 (RMB) |
| v. | |
| R. LYONS, et al., | MEMORANDUM ORDER |
| Defendants. | |

FILED
FEB 22 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**BUMB**, UNITED STATES DISTRICT JUDGE:

THIS MATTER comes before the Court upon *pro se* plaintiff Alton D. Brown's (the "Plaintiff's") motion for reconsideration of this Court's February 1, 2011 Order (the "Order") [Dkt. Ent. 10]. That Order and accompanying Opinion denied Plaintiff's application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(g)[1], on the grounds that, while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by federal courts because they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and

---

[1] Section 1915(g) of Title 28 states:
In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

because Plaintiff was not in imminent danger of serious physical injury. [See Dkt. Ent. 7, ¶ 1.] Plaintiff now asserts several arguments in support of his motion for reconsideration. For the foregoing reasons, Plaintiff's motion is denied.

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow motions for reconsideration of a judgment. Given "the interest in finality," courts should grant such motions sparingly, Rottmund v. Cont'l Assur. Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) (internal citation omitted), reserving them for instances where: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. Evans v. United States, 173 F. Supp. 2d 334, 335 (E.D. Pa. 2001), aff'd, 32 Fed. Appx. 31 (2002), cert. denied, 537 U.S. 887 (2002). Importantly, the parties "are not free to relitigate issues which the court has already resolved." Rottmund, 813 F. Supp. at 1107 (citing Johnson v. Township of Bensalem, 609 F. Supp. 1340, 1342 (E.D. Pa. 1985) (internal quotations omitted)). Reconsideration is improper where the petitioner asks the court to simply "rethink what it [] already thought through - rightly or wrongly." See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotations omitted). Mere dissatisfaction with the court's

2

ruling does not warrant reconsideration. See Evans, 173 F. Supp. 2d at 335 (internal citation omitted).

Plaintiff asserts several arguments, none of which point to an intervening change in controlling law or the availability of new evidence not previously available. Thus, the Court construes Plaintiff's motion as a request to correct a clear error of law or fact or prevent manifest injustice.

First, Plaintiff argues that the Court "should recuse itself" because of alleged bias against Plaintiff. (Pl.'s Recons. Br. 1.) Plaintiff may not overcome the high hurdle for reconsideration, however, merely by alleging bias because this Court issued a ruling with which Plaintiff disagrees. "Adverse legal rulings are not proof of prejudice or bias and almost never a basis for recusal." Scocca v. Cendant Mortg. Corp., 197 Fed. Appx. 112, 114 (3d Cir. 2006), cert. denied, 550 U.S. 957 (2007), reh'g denied, 551 U.S. 1177 (2007) (citing Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Mass. Sch. of Law v. Am. Bar. Ass'n, 107 F.3d 1026, 1043 (3d Cir. 1997), cert. denied, 522 U.S. 907 (1997) (same).

Plaintiff also argues that the Court "ignored this case for eight months before denying in forma pauperis status...." (Pl.'s Recons. Br. at 1.) To the contrary, the Court was assigned this matter on January 13, 2011 and addressed Plaintiff's motion for leave to proceed in forma pauperis on February 1, 2011. See Dkt.

Ent. 6, 7.

Second, Plaintiff quarrels that the Court erred in finding Plaintiff's factual allegations implausible. Because Plaintiff had three prior cases dismissed as frivolous, malicious or for failure to state a claim, 28 U.S.C. § 1915(g) prohibited the Court from granting Plaintiff in forma pauperis status unless he demonstrated imminent danger of serious physical injury. The Court rejected Plaintiff's allegations concerning imminent danger of serious physical injury on several grounds, including implausibility. See Dkt. Ent. 7, ¶¶ 6-9. Plaintiff's bare disagreement with the Court's ruling is not a proper basis for reconsideration. See Glendon Energy, 836 F. Supp. at 1122 ("It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through - rightly or wrongly.") (internal citations and quotations omitted).

Plaintiff also makes passing reference that the Court's assignment of this case "violates assignment judge rules and procedures." (Pl.'s Recons. Br. 2.) Plaintiff cites no authority for this position. The Court simply notes that it was properly assigned this matter pursuant to 28 U.S.C. § 292(b), which permits the Chief Judge of the Circuit to "designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."

Third, Plaintiff argues that the Court erred in dismissing his claims and failing to give Plaintiff the opportunity to

4

amend. The Court's prior Order did not dismiss Plaintiff's Amended Complaint, as he appears to believe,[2] but merely denied Plaintiff's application to proceed in forma pauperis, as required by § 1915(g). The Court notes that this provision has not blocked Plaintiff's access to the federal courts but merely restricted his privilege to proceed in forma pauperis. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); see also Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007). He still has the right to file suit if he pays the requisite filing fee. See id. Accordingly, this Court's February 1, 2011 Memorandum Opinion provided, "If Plaintiff prepays the $350 filing fee within 14 days of [this Order] then this Court will reopen the file and screen the pleadings for sua sponte dismissal pursuant to 28 U.S.C. § 1915A." [Dkt. Ent. 7, ¶ 11.]

Finally, Plaintiff argues that "[t]he Court's arbitrary finding that Plaintiff's imminent danger claims are 'false' violates the Fourteenth Amendment Due Process Clause." In support of his argument, Plaintiff cites Wolff v. McDonnell, 418 U.S. 539 (1974), a case where the Supreme Court found that the Due Process Clause of the Fourteenth Amendment guaranteed state prison inmates certain procedural protections where a disciplinary action could result in lost good-time credit or solitary confinement. Thus, the Court understands Plaintiff to

---

[2] Plaintiff argues: "The Court['s] sua sponte summary dismissal is clear legal error because it fail[ed] to give Plaintiff an opportunity to correct any defects." (Pl.'s Recons. Br. 2.)

5

argue that as a result of the Court's denial of his _in forma pauperis_ motion, he has been denied procedural due process.

The due process clause of the Fourteenth Amendment, however, serves to limit state action, and is thus inapplicable here. See U.S. Const. amend. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law."). But even construing Plaintiff's due process argument as arising under the Fifth Amendment, which applies to federal government action, see _Public Utilities Commission v. Pollak_, 343 U.S. 451, 461 (1952), such argument fails. "Before any process is due under the Fifth Amendment, a claimant must demonstrate that there has been a deprivation of an interest in life, liberty, or property." _Dungan v. Slater_, 252 F.3d 670, 676 (3d Cir. 2001)(citing _Mathews v. Elderidge_, 424 U.S. 319, 332 (1976)). Plaintiff here has not been deprived of any such interest.

As the Third Circuit explained in _Abdul-Akbar_, "§ 1915(g) does not block a prisoner's access to the federal courts. It only denies the prisoner the _privilege_ of filing before he has acquired the necessary filing fee." 239 F.3d at 314 (emphasis added). The denial of Plaintiff's _in forma pauperis_ motion did not deprive Plaintiff of any right to due process of law. _Accord_ _Rivera v. Allin_, 144 F.3d 719, 727 (11th Cir. 1998) ("[W]e hold that section 1915(g) does not violate Rivera's and similarly situated prisoners' Fifth Amendment right to due process of

law."), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Hampton v. Hobbs, 106 F.3d 1281, 1287 (6th Cir. 1997) ("Hampton's ability to petition the government for redress of grievances has not been deprived or limited by the [PLRA] and thus that interest cannot provide the basis for a due process violation."); Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) (holding that the "three strikes" provision of § 1915(g) does not offend due process because a prisoner "still has the right to file suits if he pays the full filing fees in advance, just like everyone else").

To the extent that Plaintiff argues that § 1915(g) violates the Equal Protection Clause of the Fourteenth Amendment, as guaranteed by the Due Process Clause of the Fifth Amendment, such argument also fails. The Third Circuit has already held that "§ 1915(g) rationally balances the economic deterrence rationale behind the 'three strikes' rule with the need for those prisoners who remain in danger of future grievous harm to be able to file immediately" and concluded that § 1915(g) "does not violate equal protection concepts embodied in the Fifth Amendment." Abdul-Akbar, 239 F.3d at 319.

Accordingly, IT IS ON THIS **22nd** day of **February 2011**, **ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE